THE GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY *v.* ARCHER *et al.*

1. A devise of the testator's home-place to A. and B. and their heirs forever, followed immediately by these words, "It is my will and desire that the said A. and B. shall enjoy and own my said home-place equally and jointly and at their death to go to their heirs," construed in the light of the parol evidence submitted in this case, vests a fee simple title in A. and B., the testator having died in 1888, and consequently the provisions of the code being applicable.
2. The judge did not err in granting a temporary injunction restraining the railroad company from appropriating, under the right of eminent domain, a portion of the lands included in said devise without first making compensation to the *prima facie* owners of said land.
3. This adjudication is not meant to include or affect the rights of persons not parties to this case.

May 8, 1891.

Wills.   Estates.   Title.   Before Judge HUTCHINS. Clarke county.   At chambers, March 30, 1891.

Petition of Archer *et al.* for injunction to restrain the railway company from entering and building upon land of which the petitioners were in possession and claimed ownership, without payment or tender of compensation and without condemnation proceedings or other legal means to secure the right of way.   The company's answer set up that the plaintiffs held no greater interest than a life estate.   The judge granted the injunction, and the company excepted.   For the other facts see the decision.

BARROW & THOMAS and A. J. COBB, for plaintiff in error.

LUMPKIN & BURNETT, *contra.*

SIMMONS, Justice.

The only question in this case is the proper construction of the third item of the will.   It reads as follows :

"Item 3. I give, will and bequeath to my nephews, Cicero S. Archer and Livingstone H. Weir, my home-place where I now reside, together with all the rights, members and appurtenances thereunto appertaining or belonging; to belong to them, the said Cicero S. Archer and Livingstone H. Weir, and their heirs forever. It is my will and desire that the said Cicero S. Archer and Livingstone H. Weir shall enjoy and own my said home-place equally and jointly and at their death to go to their heirs."

In the construction of wills the great thing to be sought for is the intention of the testator.   If the intention is not clearly expressed, if it is obscure or ambiguous, the code, §2457, declares that "the court may hear parol evidence of the circumstances surrounding the testator at the time of its execution," and "may hear parol evidence to explain all ambiguities, both latent and patent."   Under this section the court below, in construing this item, heard parol testimony as to the intention of the testator and his surroundings at the time of the execution of the will.   That testimony shows, in substance, that the testator was a man advanced in years, with no immediate family, and that he had never married ; that he desired to make a final disposition of all his property ; that he had a number of brothers and sisters and nieces and nephews; that as to a certain number of them he entertained no kindly feelings and had nothing to do with them ; that Cicero Archer and Livingstone Weir were his favorite nephews and lived about half of the time with him ; that they were both middle-aged men and had never married, and were not

likely to marry; that Livingstone Weir was a paralytic and incapable of marriage, and that the testator knew this; and that he stated, at or about the time of the execution of the will, that he did not desire those of his kindred with whom he was unfriendly to have any of his property. The property bequeathed to these favorite nephews by the item above quoted, constitutes the bulk of the estate. The 4th item gives to the same nephews all of his personal property; and the 5th item gives to six other nephews 330 acres of land. The testator died in 1888.

Construing these items of the will in the light of the facts now before us, we think it vested a fee simple title in Cicero Archer and Livingstone Weir. The court, therefore, did not err in granting a temporary injunction restraining the railroad company from appropriating, under the right of eminent domain, a portion of the lands included in the 3d item of the will, without first making compensation to the *prima facie* owners thereof. This decision, of course, applies only to the parties now before the court. If other parties should be made to the case hereafter, the latter would not be bound thereby; or if upon the trial of the case the facts should be materially different from the facts now before us, as to the intention and surroundings of the testator at the time of the execution of the will, our construction of the will would perhaps be different.

*Judgment affirmed.*